IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
KEVIN D. HOLTMAN, BAR NO. 11603.

No. 82993

FILED

SEP 24 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Kevin D. Holtman be suspended from the practice of law for three years based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 8.1 (bar disciplinary matters). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Holtman committed the violations charged. *See In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Holtman failed to answer the complaint and a default was entered. SCR 105(2). The record therefore establishes that Holtman violated the above-referenced rules by failing to file a personal injury suit on behalf of his client despite telling the client he had filed it and that the case was close to settlement.[1] He also stopped communicating with the client for a number of years and did not respond to the State Bar's letters or complaint regarding the client's grievance.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we

---

[1]The statute of limitations for that claim has since expired.

21-27588

"must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

The above actions violated the duties Holtman owed to his client, the legal system, and the profession. His mental state was intentional and his actions caused actual injury to his client and the profession, with the potential for further injury. Holtman's client lost the ability to pursue her personal injury claims and had to pay for some of her medical treatment out of pocket. And the profession is harmed whenever an attorney refuses to participate in the disciplinary process. The baseline sanction for Holtman's misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.42(a) & 7.2 (Am. Bar Ass'n 2017) (recommending suspension when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client" and when "a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The panel found, and the record supports, two aggravating circumstances (multiple offenses and a vulnerable victim) and one mitigating circumstance (absence of a prior disciplinary record). Considering all the factors, we conclude the recommended suspension is sufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the

purpose of attorney discipline is to protect the public, the courts, and the legal profession).

Accordingly, we hereby suspend attorney Kevin D. Holtman from the practice of law in Nevada for a period of three years commencing from the date of this order. Holtman shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.  _____, J.
Parraguirre       Stiglich

_____, J.  _____, J.
Cadish         Silver

_____, J.  _____, J.
Pickering        Herndon

cc: Chair, Southern Nevada Disciplinary Board
   Kevin D. Holtman
   Bar Counsel, State Bar of Nevada
   Executive Director, State Bar of Nevada
   Admissions Office, U.S. Supreme Court